IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| CARL WALKER SIMPSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JOEL ZEIGLER, Warden, )<br>FCI Beckley, )<br>)<br>Respondent. ) | CIVIL ACTION NO. 5:11-0658 |

**PROPOSED FINDINGS AND RECOMMENDATION**

On September 23, 2011, Petitioner, an inmate incarcerated at FCI Beckley, Beaver, West Virginia, and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody.[1] (Document No. 1.) Petitioner alleges that the Federal Bureau of Prisons [BOP] is improperly calculating his term of imprisonment. (Id.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

**PROCEDURE AND FACTS**

Petitioner was arrested by Kentucky State authorities on August 7, 2008, and released from State custody on August 28, 2008. (Document No. 15-1, p. 2.) On June 11, 2009, Petitioner was arrested by the United States Marshals Service and charged with Possession of Ammunition by a Convicted Felon. (Id., pp. 2 and 6.) Petitioner was released on bond from federal custody to the

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

custody of Kentucky authorities on June 22, 2009. (Id., pp. 3 and 7.) On August 20, 2009, Petitioner was borrowed pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum from the State of Kentucky. (Id.) On November 13, 2009, the United States District Court for the Eastern District of Kentucky imposed a 30 month term of imprisonment. (Id., pp. 3 and 9 - 14.) On February 16, 2010, Petitioner was returned to State authorities via return writ. (Id., pp. 3 and 7.) On April 9, 2010, the Circuit Court of Fayette County, Kentucky, imposed a 12 month term of imprisonment for Fourth Degree Assault and Second Degree Wanton Endangerment. (Id., pp. 3 and 16 - 18.) The Circuit Court ordered that Petitioner receive credit of 325 days towards service of the maximum term of imprisonment. (Id.) On June 14, 2010, Petitioner was released from his State sentence into the custody of the United States Marshal Service to commence service of his federal sentence. (Id., pp. 3, 7, and 21.)

On September 23, 2011, Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 1.) Petitioner alleges that the BOP is improperly calculating the term of his imprisonment. (Id.) Specifically, Petitioner appears to contend that the BOP is improperly denying him Federal credit for the time he served in State custody. (Id.) Specifically, Petitioner requests credit for "all time spent in official primary federal detention since his arrest by the U.S. Marshal Service in Lexington, KY, on June 11, 2009." (Id., p. 6.) Petitioner further argues that the BOP "has made a serious mistake in failing to properly designate the Fayette & Grayson County Detention Centers as a place of confinement for federal pretrial detention prisoners, such as Petitioner Simpson." (Id.) Petitioner, therefore, requests that this Court "issue an order directing the Federal Bureau of Prisons to grant Petitioner all time spent in federal official detention since his arrest on June 11, 2009, through a nunc pro tunc exercise and designation of the Fayette & Grayson Counties, Kentucky, as a federal pretrial detention." (Id., p. 8.)

By Order entered on April 23, 2012, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 9.) On May 21, 2012, Respondent filed his Response to the Order to Show Cause. (Document No. 15.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner's federal sentence commenced on June 14, 2010" (Id., pp. 4 - 6.); (2) "Petitioner is not entitled to prior custody credit" (Id., pp. 6 - 7.); and (3) "A nunc pro tunc designation is not appropriate in the instant case" (Id., pp. 7 - 8.).

In support, Respondent attaches the following Exhibits: (1) The Declaration of J. Scott Farr, Management Analyst (Document No. 15-1, pp. 2 - 4.); (2) A copy of the U.S. Marshals Service Form 129 (Id., pp. 6 - 7.); (3) A copy of Petitioner's Judgment and Commitment Order as filed in the United States District Court for the Eastern District of Kentucky in Criminal Case Number 5:09-0001 (Id., pp. 9 - 14.); (4) A copy of the "Judgment on Guilty Plea and Final Sentence of Imprisonment" Order as filed in the Circuit Court of Fayette County, Kentucky Petitioner's (Id., pp. 16 - 18.); (5) A copy of Petitioner's Federal Sentence Computation (Id., pp. 20 - 22.); (8) Copies of nunc pro tunc consideration documents concerning Petitioner (Id., pp. 24 - 32.); and (9) A copy of the following unpublished cases: U.S. v. Brown, 977 F.2d 574 (4th Cir. 1992), U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995), McCollough v. O'Brien, 2007 WL 2029308 (W.D.Va. July 10, 2007) (Document No. 15-2.).

On June 11, 2012, Petitioner filed his Reply to Respondent's Response. (Document No. 16.) Petitioner argues that "the City of Lexington, Kentucky, Police Department and the Fayette County Circuit Court abdicated primary custody of Petitioner Simpson on August 28, 2008, when allowing him to post bail after his arrest on August 7, 2008, when charged with Assault 4th Degree, Domestic

Violence, and Wanton Endangerment." (Id., pp. 2 - 12.). Petitioner argues that "when the U.S. Marshal Service arrested Petitioner . . . on June 11, 2009, the federal government legally assumed principal jurisdiction over him." (Id., pp. 4 - 5.) Therefore, Petitioner asserts that he is entitled to credit of time served in state custody and for "325 days prior jail credit to be applied to his 30 month sentence." (Id., pp. 7 - 12.)

As Exhibits, Petitioner attaches the following: (1) A copy of the U.S. Marshals Service Form 129 (Id., p. 16.); (2) A copy of the "Grayson County Detention Center Resident Requisition" (Id., p. 18.); and (3) A copy of a letter from the Probation Office for the Eastern District of Kentucky addressed to Ms. Maybelle Baker (Petitioner's sister) regarding her request that Petitioner be transferred to FMC Lexington (Id., p. 20.)

## ANALYSIS

**A.    Mootness.**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief.

Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences,[2] and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.). Notwithstanding the fact that Petitioner's claims are now moot, the undersigned will briefly consider the merits of his claims.

**B.      Petitioner's Federal sentence did not commence until June 14, 2010.**

Title 18 U.S.C. § 3585(a) provides that a Federal sentence does not begin to run until the defendant is received into custody for service of the sentence. Generally, the first arresting sovereign acquires primary jurisdiction "for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign." United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980). Primary jurisdiction can be relinquished by operation of law, such as bail release, expiration of sentence, or dismissal of charges. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). In the instant case, Federal authorities arrested Petitioner on June 11, 2009. Accordingly, Federal authorities obtained

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on July 12, 2012.

primary jurisdiction on June 11, 2009. Federal authorities, however, released Petitioner on bond to State authorities on June 22, 2009. Thus, State authorities obtained primary jurisdiction on June 22, 2009. Petitioner was then temporarily transferred into Federal custody on August 20, 2009, pursuant to a Writ of *Habeas Corpus ad Prosequendum* for proceedings upon his Federal charges and sentenced on November 13, 2009, to a 30-month term of imprisonment. On February 16, 2010, Petitioner was returned to State authorities via a return Writ. Petitioner was sentenced by the Fayette County Circuit Court on April 9, 2010, to a 12 month term of imprisonment to run "concurrently with any other previous felony sentence the Defendant must serve and the Defendant's federal sentence."[3] Petitioner's Federal sentence commenced on June 14, 2010, the day he was released to Federal custody. Petitioner argues that the BOP should have awarded him credit for time served since his arrest by Federal authorities on June 11, 2009. The record, however, reveals that Federal authorities relinquished primary custody when they released Petitioner on bond to State authorities on June 22, 2009. State authorities obtained primary custody of Petitioner on June 22, 2009, and retained its custody until June 14, 2010. Accordingly, Petitioner's Federal sentence did not commenced until June 14, 2010, the day of he was released into Federal custody.

---

[3] It is well recognized, that "a determination as to concurrence of sentence made by one sovereign does not bind the other." *Jake v. Hershberger*, 173 F.3d 1059, 1065 (7th Cir. 1999); *Also see Gibson v. Murray*, 2006 WL 2668528 * 4 (W.D.Pa. Sep. 14, 2006)(stating that "[w]hile the federal court had the authority to order petitioner's federal sentence to run concurrently with his state sentence, the court order cannot require Pennsylvania authorities to run his Pennsylvania sentence concurrently with his federal sentences"); *Piercy v. Black*, 801 F.2d 1075, 1078 (8th Cir. 1986)(stating that "one state cannot control the manner in which another state administers its criminal justice system"); *United States v. Miller*, 49 F.Supp.2d 489, 494 - 495 (E.D.Va 1999)(stating that "a state court cannot unilaterally impose a concurrent sentence between a federal and state court"). A State, therefore, may not compel the Federal government to run Petitioner's Federal sentence concurrently with his State sentence.

**C.      Petitioner is not entitled to prior custody credit.**

Title 18 U.S.C. § 3585(b) provides as follows:

**(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337, 112 S.Ct. at 1355 - 1356; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence").

In the instant case, the Court finds that Petitioner properly received pre-sentence credit against his Federal sentence for the following time periods: (1) From June 11, 2009 (the date of his Federal arrest) through June 22, 2009 (the day he was released on bond from Federal custody to State authorities); and (2) From May 20, 2010 (the day after he completed his State sentence) through June 13, 2010 (the day before he was released into Federal custody). Petitioner is seeking Federal credit for time served after the commencement of his State sentence. Petitioner received credit towards his State sentence for the time period of June 22, 2009, through May 19, 2010. The BOP may not grant prior custody credit for time that has been credited against another sentence. See United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown,

977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence"). Based on the foregoing, the undersigned finds that Petitioner is not entitled to Federal credit for June 22, 2009, through May 19, 2010.

**D.     Petitioner was properly considered for nunc pro tunc designation.**

Upon special circumstances, the Attorney General or the BOP may enter a nunc pro tunc designation allowing a federal sentence to begin to run while an inmate is in state custody. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(finding that a federal sentence may commence while an inmate is in state custody "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal sentence"). Title 18 U.S.C. § 3621(b) provides as follows:

> **(b) Place of imprisonment.** The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --
>
>     **(1)** the resources of the facility contemplated;
>
>     **(2)** the nature and circumstances of the offense;
>
>     **(3)** the history and characteristics of the prisoner;
>
>     **(4)** any statement by the court that imposed the sentence --
>
>         **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
>         **(B)** recommending a type of penal or correctional facility as appropriate; and
>
>     **(5)** any pertinent policy statement issued by the Sentencing Commission

pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Although the BOP must consider an inmate's request for a nunc pro tunc designation, the BOP is not obligated to grant the designation. See Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990).

Based upon a review of the record, the Court finds that the BOP appropriately considered Petitioner for nunc pro tunc designation. The BOP contacted the federal sentencing Court concerning it position as to nunc pro tunc designation. United States Probation Officer Mark A. George responded for the Court stating that there was no opposition to the retroactive designation request, and that any decision the BOP made would be supported by the Court. (Document No. 15-1, p. 27.) Upon consideration of the criteria set forth in Section 3621(b) and the letter from United States Probation Officer on behalf of the Court, the BOP completed a "Factors Under 18 USC 3621(b) Worksheet" denying Petitioner's request for nunc pro tunc designation. (Id., p. 29.) The Worksheet reveals that nunc pro tunc designation was denied based upon "the nature and circumstances of the offense" and "the history and characteristics of the prisoner (to include institutional adjustment and prior criminal history)." (Id.) Based on the foregoing, the undersigned finds that the BOP appropriately considered Petitioner's request for nunc pro tunc designation.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and transmit a copy to counsel of record.

ENTER: August 21, 2012.

R. Clarke VanDervort
United States Magistrate Judge